## WOODRUFF *v.* CARR.

*(Circuit Court, D. Minnesota. October 3, 1887.)*

PATENTS FOR INVENTIONS—BUCKLES—LETTERS PATENT NO. 8,541—ANTICIPATION.
　　The second, third, and fourth claims of reissued letters patent No. 8,541, of January 14, 1879, to Henry S. Woodruff for an "improvement in buckles" call for a buckle frame provided with a loose loop and having a rigid tongue projecting outward on the outer face of its forward cross-bar, and the combination of the frame, loop, and tongue. The improvement has for its object the relief of the tug at the point where the tongue enters it, and this is accomplished by the loop pinching the tug and holding it firmly to the frame when draught is applied. In the Cole buckle (letters patent No. 69,181, of September 24, 1867, to E. Cole) the plate or cross-bar of the loop is broader than in the Woodruff, and the construction is different, but the service performed by it is substantially the same. In both buckles the loops are loose. *Held,* that the Woodruff patent was anticipated by the Cole patent.

In Equity.

*Offield, Towle & Phelps* and *John W. Sale,* for complainant.

*P. H. Gunckel,* for defendant.

NELSON, J. This suit is brought by the complainant against the defendant Carr, charging an infringement of letters patent, reissue No. 8,541, dated January 14, 1879, for "improvement in buckles." The original letters patent are dated January 9, 1872, and the object of the invention as stated by the patentee is "to relieve a trace, strap, or belt from the strain at the point where it is perforated for a buckle tongue." The defendant is manufacturing a buckle which is constructed upon the same principle as the complainant's buckle, and operates substantially

in the same manner and is arranged for the same purpose, viz., to prevent the trace or belt from giving way at the point where it is perforated for a tongue, so that if complainant's patent is sustained he would infringe.

The defendant relies for his defense chiefly on the alleged fact that the device of the complainant is exhibited in many prior patents, and especially in a patent issued to E. Cole; and he also further claims that the reissued letters patent are void, by reason of not being for the same invention as that described and claimed in the original. Other defenses are set up in the answer, but they are not pressed, and the two above mentioned are relied upon to defeat the complainant's suit.

It will only be necessary for me to consider the first defense; for in my opinion the device of the complainant's patent is found in many prior inventions, and particularly in letters patent No. 69,181, dated September 24, 1867, and issued to E. Cole, of Michigan, for an "improved buckle." The original "Woodruff patent" has to some extent engaged the attention of courts, which appears to have escaped the notice of counsel. The particular "Cole patent," now urged by the defendant, to show want of novelty in the "Woodruff device," has not to my knowledge been considered. The Woodruff reissue contains four claims, (the first is dismissed from the case by complainant, so that I must look at the second, third, and fourth:)

Woodruff claims—

(2) A buckle frame provided with a loose loop as shown, and having a rigid tongue on the outer face of its forward cross bar, all substantially as shown and described.

(3) In a buckle the combination of the frame, A, having a rigid tongue projecting outward with the loose loop, B, all substantially as shown and described.

(4) The combination of the loop, B, with the frame, A, and tongue, D, when the whole is constructed as described and for the purposes hereinbefore set forth.

Cole's improved buckle patent No. 69,181, is constructed to secure not only relief from strain upon the trace or belt at the point where it is perforated for a tongue, but other results, which are not important for consideration now. Cole says his buckle is made to secure "a drawing, both by the tongue and by the frame of the buckle, in so pinching the tug that the hole therein cannot bulge and tear out." That is, he seeks to relieve the strain on the belt or trace at the point of perforation. To accomplish this, he constructs his buckle with a curved frame broad at one end and having openings and with a tongue on the forward end projecting upward and outward, and a loop which consists of a cross-bar at one end, to which, in case of a trace, the hame tug is fastened, and side-bars running to a broad cross-bar or plate at the other end, with a tongue on the under side projecting downward towards the broad part of the frame. This broad plate and side-bars are made in one piece. The trace passes between the broad part of the buckle frame and under the loop plate and between the side-bars with the tongues fitting two of the

holes. When draught is applied, the plate pinches the trace and holds it down upon the broad part of the frame, and tends to relieve it at the weak points where the tongues enter it and to prevent the strain upon the tongues, so that they will not tear out. The same thing is accomplished by the use of the loop in the complainant's device. He says: "The greater the strain [draught] applied, the more firmly the trace is held to the frame, thereby relieving the strain upon the trace at the tongue." The plate or cross-bar of the loop which pinches the trace or belt when the loop is drawn down, is broader in Cole's buckle than in complainant's device, but it performs the same service in the same or substantially the same way. One tongue in Cole's buckle is on the under side of that part called the plate, and another tongue is on the forward part of the frame, and in complainant's buckle the tongue is on the outer face of the forward end-bar of the buckle frame only; but this is not material. The function of the draught loop of complainant's buckle, and the plate or draught loop of Cole's buckle, is the same. The construction of the loops differ, but they are both loose loops. Cole's device has an extra tongue on the under side of the broad plate or loop, but this does not affect the principal function, which is to pinch or firmly hold the trace or belt when draught is applied. So I find in Cole's patent No. 69,181 all the features embraced in the second, third, and fourth claims of complainant's patent, and operating substantially to accomplish the same result.

The bill of complaint is dismissed, and decree accordingly for the de fendant.